## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT W. JORDAN, | : | Civil No. 1:22-CV-00952 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| BOBBIE JO SALAMAN, *et al.*, | : | |
| | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a petition for habeas corpus pursuant to 28 U.S.C. § 2254 filed by Robert W. Jordan ("Jordan" or "Petitioner"), an inmate currently housed at the State Correctional Institution Rockview in Bellefonte, Pennsylvania. (Doc. 1.) Following his second Post Conviction Relief Act ("PCRA") petition being denied as untimely, the court finds that the instant Section 2254 petition is also untimely. Therefore, the court will dismiss the Section 2254 petition and close the case.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual background of this case was summarized in the PCRA court's June 23, 2021 order denying relief and reproduced here:

> The relevant facts and procedural history are as follows. [Jordan's] then-15 year-old daughter reported that [Jordan] had given her drugs and had sexual intercourse with her on numerous occasions during the summer of 2013. Consequently, the Commonwealth charged [Jordan] with numerous offenses arising from this conduct. On July 11, 2014, after considering the testimony of witnesses including the victim, a jury convicted [Jordan] of 27 drug and sex offenses. Following trial, and after holding a *Grazier* hearing, the court entered an Oder vacating the

1

appointment of [trial counsel] and permitted [Jordan] to represent himself.

On October 14, 2014, the sentencing court, with the benefit of a Pre-Sentence Investigation Report, sentenced [Jordan] to an aggregate term of 122 years to 333 years of incarceration. We affirmed [Jordan's] Judgment of Sentence and our Supreme Court denied allowance of appeal [on July 19, 2016]. *Commonwealth v. Jordan*, 134 A.3d 489 (Pa. Super. 2015) (unpublished memorandum), *allocatur denied*, [145 A.3d 163] (Pa. 2016).

*Commonwealth v. Jordan*, 258 A.3d 545 (Pa. Super. 2021), non-precedential

decision at 1-2 (footnotes omitted).

Following the denial of his direct appeal, Petitioner filed a PCRA petition.

The following is a procedural summary of the PCRA petitions in state court:

On January 3, 2017, Jordan filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel, who filed an amended petition. On September 21, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the PCRA petition without a hearing. Jordan filed a *pro se* response in which he requested that the PCRA court appoint new PCRA counsel. The PCRA court appointed new PCRA counsel.

Thereafter, Jordan filed a second amended PCRA petition in which he raised twenty-nine claims. The PCRA court held two evidentiary hearings. By order entered June 4, 2020, the PCRA court dismissed Jordan's second amended PCRA petition. Jordan appealed to [the Superior Court of Pennsylvania] in which he raised ten issues. Finding them to lack merit, on June 23, 2021, [that] Court affirmed the denial of post-conviction relief. *Jordan*, *supra*.

On November 22, 2021, Jordan filed the *pro se* PCRA at issue, his second. In this petition, Jordan raised claims of PCRA counsel's ineffectiveness. On June 23, 2022, the PCRA court issued Rule 907 notice to dismiss Jordan's second petition as meritless. Jordan filed a

2

*pro se* response.  By order entered October 24, 2022, the PCRA court
denied Jordan's second petition.

*Commonwealth v. Jordan*, No. 1551 MDA 2022, 2023 WL 7291257, at *1 (Pa.

Super. Nov. 6, 2023).  Petitioner then filed an appeal to the Superior Court of

Pennsylvania in his second PCRA petition.  *Id*.

     This court received and docketed the instant petition filed pursuant to

Section 2254 on June 15, 2022.  (Doc. 1.)  Petitioner declares that he placed the

petition in the mail on June 10, 2022.  (*Id*., p. 25.)[1]  Following service,

Respondents filed a response of September 30, 2022.  (Doc. 14.)  Respondents then

supplemented the response on October 5, 2022.  (Doc. 15.)  Petitioner did not file a

timely traverse.

     On November 4, 2023, this court received and docketed Petitioner's motion

for a stay pending the state court's determination in his second PCRA petition.

(Doc. 16.)  On June 29, 2023, the court granted Petitioner's motion and stayed the

petition.  (Doc. 17.)

     On November 6, 2023, the Superior Court of Pennsylvania denied

Petitioner's appeal in the second PCRA petition as untimely.  *Jordan*, 2023 WL

7291257.  Petitioner did not appeal.

---

[1] For ease of reference, the court utilizes the page numbers form the CM/ECF header.

3

On December 4, 2023, the court received and docketed an undated letter from Petitioner notifying the court that the Superior Court affirmed his conviction and sentence. (Doc. 18.) This court promptly lifted the stay and granted Petitioner an opportunity to amend his petition. (Doc. 19.) Petitioner did not amend his petition. The court will now address the pending Section 2254 petition.

## VENUE

Under 28 U.S.C. § 2241(d), a petition for a writ of habeas corpus under Section 2254 can be filed in either the district where the petitioner is in custody, or in the district where the petitioner was convicted and sentenced. 28 U.S.C. § 2241(d). Petitioner was convicted and sentenced in Bradford County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). Therefore, venue in this district is proper.

## STANDARD OF REVIEW

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." *See Dunn v. Colleran*, 247 F.3d 450, 468 (3d Cir. 2001) (quoting *Calderon v. Coleman*, 525 U.S. 414, 146 (1998)). The exercise of restraint by a federal court in reviewing and granting habeas relief in state court criminal prosecutions is appropriate due to considerations of comity and federalism. *See Engle v. Isaac*, 456 U.S. 107 (1982). "The States possess primary authority for defining and enforcing the criminal law.

4

In criminal trials they also hold the initial responsibility for vindicating constitutional rights.  Federal intrusions into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law." *Id.*  States also have a recognized interest in the finality of convictions that have survived direct review within the state court system.  *See Brecht v. Abrahamson*, 507 U.S. 619, 620 (1993).

A district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States."  28 U.S.C. § 2254(a).  If a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

> the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

## DISCUSSION

While Respondents failed to address the timeliness of the petition, it is an issue that must be addressed by the court prior to addressing the petition on its merits.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Under Pennsylvania law, a defendant who has been convicted and sentenced, such as Petitioner, has thirty (30) days in which to file a direct appeal,

starting from the latter of (a) the date of sentencing, Pa. R. Crim. P. 720(A)(3)), or (b) the date of an order deciding a timely post-sentence motion or acknowledging the defendant's withdrawal of such a timely post-sentence motion, Pa. R. Crim. P. 720(A)(2). The defendant's judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *See* 42 Pa. C.S.A. § 9545(b)(3).

In the instant action, the Supreme Court of Pennsylvania denied Petitioner's timely filed Petition for Allowance of Appeal on July 19, 2016. Consequently, direct review of Petitioner's conviction became "final" on or about October 17, 2016, *i.e,* the date of the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court). Thus, the one-year limitations period set forth in Section 2244(d)(1) commenced running the following day, i.e., on October 18, 2016, and Petitioner had one year or until October 18, 2017 to file his Section 2254 petition in this court. Petitioner, however, did not file his petition in this court until June 10, 2022, more than four years after the one-year statute of limitations expired.

However, the court's analysis does not end there. The court must next determine whether Petitioner is entitled to any statutory or equitable tolling, or relief under the actual innocence exception.  For the reasons discussed below, the court finds that Petitioner is entitled to some statutory tolling and potentially some equitable tolling, but not any relief under the actual innocence exception. Notwithstanding the tolling, the petition is still untimely.

**A. Statutory Tolling**

With respect to statutory tolling, the court observes that, under Section 2244(d)(2), the one-year limitations period is tolled with respect to "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending[.]"  *See* 28 U.S.C. § 2244(d)(2).  Here, the record reflects that Petitioner filed a PCRA petition on January 3, 2017, tolling the one-year limitations period after seventy-seven (77) days had elapsed—i.e., counting from October 18, 2017 (when the one-year limitations period initially commenced) to January 3, 2017 (when Petitioner filed his PCRA petition).

On June 23, 2021, the Superior Court affirmed the denial of his PCRA petition.  *Jordan*, 2023 WL 7291257.  Thus, when Petitioner filed his PCRA petition on January 3, 2017, the one-year limitations period was tolled until July 23, 2021, the last day for filing a petition for allowance of appeal to the Pennsylvania Supreme Court—i.e., counting thirty (30) days from June 23, 2021,

the date of the trial court's dismissal of Petitioner's PCRA petition. *See* PA.
R.A.P. 1113(a) (providing that a petition for allowance of appeal to the
Pennsylvania Supreme Court shall be filed within thirty (30) days after the entry of
the Pennsylvania Superior Court's order). As a result, the one-year limitations
period set forth in Section 2244(d)(1) began to run again on the following day, i.e.,
July 24, 2021, and continued to run uninterrupted until May 8, 2022, when the
remaining two hundred eighty-eight (288) days of the one-year limitations period
expired.

Petitioner's second PCRA petition filed on November 22, 2021 does not toll
the Section 2244(d)(1) deadline because the Superior Court found it to be
untimely. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (Finding that a PCRA
petition that is rejected by a state court as untimely or for lack of jurisdiction is not
"properly filed" for § 2244(d)(2) purposes and therefore will not toll AEDPA's
statute of limitations.).

Consequently, because Petitioner's Section 2254 petition was not filed in
this court until June 10, 2022, the court concludes that statutory tolling does not
overcome the untimeliness of his petition. Thus, the court turns to the question of
whether the one-year limitations period set forth in Section 2244(d)(1) is subject to
equitable tolling or whether Petitioner is entitled to relief under the actual
innocence exception.

### B. Equitable Tolling

"Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'" *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006) (quoting *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003)). For that reason, "[a] petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'" *See id.* (quoting *Pace*, 544 U.S. at 418). Equitable tolling may be appropriate if: (1) the petitioner has been "actively misled[;]" (2) the petitioner "has in some extraordinary way been prevented from asserting his rights;" or (3) the petitioner "has timely asserted his rights mistakenly in the wrong forum." *See id.* (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)).

Petitioner alleges that his PCRA attorney had passed away, and he was not provided a copy of his PCRA denial from the Superior Court until July 7, 2021. (Doc. 1, pp. 23–24.) However, even if the court were to grant Petitioner equitable tolling from the Superior Court's June 23, 2021 to July 7, 2021, or fourteen (14) days, it is not sufficient to overcome the lateness of the petition. Petitioner filed the instant petition on June 10, 2022, which is thirty-four (34) days after the May 9, 2022 deadline including the statutory tolling. Thus, the court turns to whether

the actual innocence exception allows Petitioner to overcome the time-bar to his

Section 2254 petition.

## C. Actual Innocence

The court begins with the basic legal tenet that the actual innocence

exception "applies to a severely defined category: cases in which new evidence

shows 'it is more likely than not that no reasonable juror would have convicted

[the petitioner].'"  *See McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013)

(quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  Thus, relief under this

exception is exceedingly rare, *see id*. at 386, and the standard for establishing

actual innocence is an exacting one, *see id*. at 401.  The standard demands "new

reliable evidence—whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence—that was not presented at trial."

*See Schlup*, 513 U.S. at 324.  Accordingly, a habeas corpus petitioner has not met

this standard "'unless he persuades the district court that, in light of the new

evidence, no juror, acting reasonably, would have voted to find him guilty beyond

a reasonable doubt.'"  *See McQuiggin*, 569 U.S. at 386 (quoting *Schulp*, 513 U.S.

at 329).

"Because such evidence is obviously unavailable in the vast majority of

cases, claims of actual innocence are rarely successful."  *Schulp*, 513 U.S. at 324;

*Sistrunk v. Rozum*, 674 F.3d 181, 192 (3d Cir. 2012) (explaining that "*Schlup* sets a

supremely high bar"). Thus, "[p]roving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *See id*. at 191 (citations omitted). All three of these factors are necessary for a habeas corpus petitioner to be entitled to relief under the actual innocence exception. *See id*. And if ultimately proven, this exception "serves as a gateway through which a petitioner may pass" even though the statute of limitations has expired. *See McQuiggen*, 569 U.S. at 386.

Accordingly, in order for Petitioner to demonstrate that he is entitled to pass through this gateway exception, he is required to establish as a factual matter that, in light of new reliable evidence, no juror acting reasonably would have found him guilty of the crimes for which he was convicted. The court, having carefully reviewed this matter, ultimately finds that Petitioner has not made this threshold showing. In fact, from what the court can discern, Petitioner has not asserted actual innocence, much less shown actual innocence. (Doc. 1.)

Instead, he appears to base his various arguments on counsel's ineffectiveness. (Doc. 1.) However, "actual innocence requires a showing of factual innocence, not mere legal insufficiency." *See Sweger v. Chensey*, 294 F.3d 506, 523 (3d Cir. 2002) (citation omitted); *Bousley v. United States*, 523 U.S. 614,

623 (1998) (stating that "[i]t is important to note ... that 'actual innocence' means factual innocence, not mere legal insufficiency").

Thus, for all of these reasons, the court concludes that Petitioner has not met his burden of proof that he is entitled to relief under the actual innocence exception. *See House v. Bell*, 547 U.S. 518, 538 (2006) (stating that "it bears repeating that the *Schlup* standard is demanding and permits review only in the extraordinary case" (citations omitted)).

Therefore, the petition is untimely, the statutory and equitable tolling that applies is not sufficient to overcome the untimeliness of the petition, and the petition will be dismissed.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will be issued.

## CONCLUSION

For the above stated reasons, the petition filed pursuant to Section 2254 will be dismissed as untimely and the case will be closed.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: April 29, 2024