# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT W. JORDAN, | : | Civil No. 1:22-CV-00952 |
| Petitioner, | : | |
| v. | : | |
| BOBBIE JO SALAMAN, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court are Petitioner Robert W. Jordan's objections to the court's memorandum and order dismissing the petition for writ of habeas corpus, Doc. 25, which the court construes as a motion for reconsideration under Fed. R. Civ. P. 60. Because Petitioner presented evidence in support of this motion that was presumably available to him and could have been presented at the time of his traverse, his motion for reconsideration will be denied.

### BACKGROUND AND PROCEDURAL HISTORY

The court received and docketed Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) This petition states that it was placed in the prison mailing system on June 10, 2022. (*Id.*, p. 25.)[1] Following service, Respondents filed a response of September 30, 2022. (Doc. 14.) Respondents then supplemented the response on October 5, 2022. (Doc. 15.)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

1

Petitioner did not file a timely traverse. On November 4, 2022, this court received and docketed Petitioner's motion for a stay pending the state court's determination in his second PCRA petition. (Doc. 16.) On June 29, 2023, the court granted Petitioner's motion and stayed the petition. (Doc. 17.)

On November 6, 2023, the Superior Court of Pennsylvania denied Petitioner's appeal in the second Post Conviction Relief Act ("PCRA") petition as untimely. *Commonwealth v. Jordan*, No. 1551 MDA 2022, 2023 WL 7291257 (Pa. Super. Nov. 6, 2023). Petitioner did not appeal. On December 4, 2023, the court received and docketed an undated letter from Petitioner notifying the court that the Superior Court affirmed his conviction and sentence. (Doc. 18.) This court promptly lifted the stay and granted Petitioner an opportunity to amend his petition. (Doc. 19.) Petitioner did not amend his petition.

On April 29, 2024, the court addressed the pending petition and found that it was untimely based on the allegations made in the petition and the documents submitted by Respondent. (Docs. 23, 24.) On May 28, 2024, the court received and docketed Petitioner's objections. (Doc. 25.)[2] Attached to the objections is a Department of Corrections postage order and receipt showing that a PCRA petition was mailed to Bradford County Clerk of Courts on December 13, 2016. (Doc. 25-1.) Petitioner's objections focus on the prisoner mailbox rule and the second

---

[2] The document is dated May 17, 2024. (Doc. 25.)

PCRA petition to support the argument that his petition is timely. Respondent never replied to Petitioner's objections.

## DISCUSSION

While Petitioner titled the document at issue as "objections," the court construes these objections as a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b).

A motion filed pursuant to Fed. R. Civ. P. 60(b), such as this, "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Pursuant to Rule 60(b), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for" "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," fraud, when the judgment is void, when the judgment has been satisfied, or for "any other reason that justifies relief." A court may grant a Rule 60(b) motion only in extraordinary circumstances, and in such a motion it is not appropriate to reargue issues that the court has already considered and decided. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

Petitioner presents two specific arguments in his motion: (1) the PCRA filing date should be December 13, 2016; and (2) his second PCRA petition should toll the statutory period. (Doc. 25.) First, he alleges that the date of his PCRA filing should be the date he placed it in the prison mail system, December 13, 2016, and not the date the Bradford County Clerk of Court filed the document, January 3, 2017. (*Id.*, p. 1.) Petitioner argues that this additional tolling would make his Section 2254 petition timely. (*Id.*) In support of his argument, he attached the Department of Corrections postage order and receipt showing a PCRA petition was mailed to Bradford County Clerk of Courts on December 13, 2016. (Doc. 25-1.) However, in his petition, Petitioner stated that he filed the PCRA petition on January 3, 2016. (Doc. 1, p. 4.) Respondent presented evidence that, in fact, Petitioner filed his PCRA petition on January 3, 2017. (Doc. 14, p. 3; Doc. 14-1, p. 100); *Jordan*, 2023 WL 7291257, at *1. The court construed the incorrect year in the filing date stated in the petition as scrivener's error. Despite being granted an opportunity to respond to Respondent's answer to his petition and an opportunity to amend his petition, Petitioner never presented an argument that the filing date was December 13, 2016 based on the prison mailbox rule. Nor did Petitioner submit the Department of Corrections postage order and receipt showing a PCRA petition was mailed to Bradford County Clerk of Courts on December 13,

2016.  (Doc. 25-1.)  Both of these options were presumably available to him prior to the court's April 29, 2024 order dismissing the complaint.

A court may grant a Rule 60(b) motion only in extraordinary circumstances, and in such a motion it is not appropriate to reargue issues that the court has already considered and decided.  *See Moolenaar*, 822 F.2d at 1346.  Petitioner has done nothing to explain his lack of response to Respondent's answer to the petition or why he did not submit the evidence in support of an earlier PCRA petition filing date.  Nor did he make any argument to support a finding that this was an extraordinary circumstance.  Therefore, the court will not now relitigate issues that Petitioner did not properly raise prior to the court's decision to dismiss the petition.

Second, Petitioner argues that the second PCRA petition should have tolled the statute of limitations.  (Doc. 25, pp. 2–4.)  However, this was addressed in the court's memorandum dismissing the complaint.  (Doc. 23, p. 9.)  A Rule 60 motion cannot be used to relitigate issues already decided by the court.  *See Moolenaar*, 822 F.2d at 1346.  Therefore, the court will deny Petitioner's motion for reconsideration.

## CONCLUSION

For the above stated reasons, the court will deny Petitioner's objections to the memorandum and order, which it construed as a motion for reconsideration. The case will remain closed.

An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: February 24, 2025